UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE SANTOS JR., an Individual and GEMMA SANTOS, an Individual, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. BANK N.A., a Delaware Corporation; AURORA LOAN SERVICES, LLC, a Delaware Corporation; GREENPOINT MORTGAGE FUNDING, INC., a New York Corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | CIV-F-09-0916 AWI DLB <br><br> ORDER DENYING MOTIONS DUE TO FILING OF NEW AMENDED COMPLAINT <br><br><br> Docs. 8, 18, and 19 |

In this case, Defendants Aurora Loan Services and Greenpoint Mortgage Funding have filed motions to dismiss for failure to state a claim and a motion to expunge lis pendens. Subsequently, Plaintiffs filed an amended complaint on October 12, 2009.  Under Rule 15(a), "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. Proc. 15(a)(1)(A).  "A motion to dismiss is not a 'responsive pleading' within the meaning of Rule 15." Crum v. Circus Circus Enters., 231 F.3d 1129, 1130 n.3 (9th Cir. 2000).  An "amended complaint supersedes the original, the latter being treated thereafter as non-existent." Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997).

None of the Defendants has filed an answer.  As no prior amended complaints have been filed, Plaintiffs are entitled to file the amended complaint as a matter of course under Rule 15(a).

1

The amended complaint completely supersedes the original complaint. Since Defendants' motion seeks dismissal of the original and now "non-existent" complaint, Defendants' motions to dismiss for failure to state a claim are moot. As Defendant Aurora Loan Services explicitly concedes in its briefing, its motion to expunge lis pendens is dependent on the success of its motion to dismiss for failure to state a claim. See Doc. 19, Motion, at 4:2-8. As the motion to dismiss can not be evaluated at this time, neither can the motion to expunge lis pendens. Indeed, Defendant Auroral Loan Services has already filed new motions to dismiss and to expunge lis pendens. See Doc. 24.

Accordingly, IT IS HEREBY ORDERED that Defendants' original motions to dismiss are DENIED as moot. Defendant's original motion to expunge lis pendens is DENIED without prejudice.

IT IS SO ORDERED.

**Dated:**   **October 27, 2009**           /s/ **Anthony W. Ishii**
                              CHIEF UNITED STATES DISTRICT JUDGE