UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE SANTOS JR., an Individual and GEMMA SANTOS, an Individual,<br><br>    Plaintiffs,<br><br>    v.<br><br>U.S. BANK N.A., a Delaware Corporation; AURORA LOAN SERVICES, LLC, a Delaware Corporation; GREENPOINT MORTGAGE FUNDING, INC., a New York Corporation; and DOES 1 through 10, inclusive,<br><br>    Defendants. | CIV-F-09-0916 AWI DLB<br><br>ORDER RE: MOTION TO DISMISS FOR LACK OF PROSECUTION |

## I. History

    Plaintiffs Felipe Santos, Jr. and Gemma Santos purchased a home at 10111 Fitzgerald Drive, Bakersfield, CA 93311. They refinanced their mortgage on the property on February 7, 2007. Defendant Greenpoint Mortgage Funding, Inc. ("Greenpoint") was the originating lender. Defendant U.S. Bank, N.A. ("US Bank") was the assignee of the mortgage. Defendant Aurora Loan Services, LLC ("Aurora") was the loan servicer. Plaintiffs owed $436,206.71 on the prior mortgage, replacing it with a new mortgage for $492,000. The mortgage was a variable rate loan with an initial rate of 7.375% and a maximum rate of 12.375% and minimum rate of 2.750%. As part of the refinance, Plaintiffs paid a number of miscellaneous fees Plaintiffs allege are duplicative and unreasonable. Plaintiffs also allege a number of disclosures were not

provided. By April 10, 2009, Plaintiffs fell behind on their mortgage payments.

Plaintiffs filed suit on May 21, 2009 in federal district court. Defendants Greenpoint and Aurora filed motions to dismiss. Plaintiffs filed an amended complaint on October 12, 2009 which rendered both motions moot. Defendants Greenpoint and Aurora filed new motions to dismiss. The parties entered into discussions and Plaintiffs voluntarily dismissed all claims against Defendants Aurora and US Bank on February 22, 2010. The court dismissed Plaintiffs' complaint on June 1, 2010. Plaintiffs were given twenty-one days in which to file an amended complaint. No complaint was filed within that time and Defendant Greenpoint made a motion to dismiss for lack of prosecution under Fed. R. Civ. Proc 41(b). Plaintiffs have filed no opposition and did not make any appearance at oral argument on August 2, 2010.

## II. Legal Standards

Federal Rule of Civil Procedure 41(b) states, in relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Although the language indicates that Rule 41(b) is applicable upon motion by the defendant, "courts may dismiss under Rule 41(b) *sua sponte*, at least in some circumstances." Hells Canyon Preservation Council v. United States Forest Service, 403 F.3d 683, 689 (9th Cir. 2005), citing Olsen v. Maples, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). Local Rule 110 provides that "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." "District courts have the inherent power to control their dockets and in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case.'" Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan

v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002), citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006), quoting Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

### III. Discussion

Weighing the relevant factors, the court finds dismissal for lack of prosecution appropriate. Defendant Greenpoint's motion to dismiss was granted on June 1, 2010. Plaintiffs were given twenty-one days to file an amended complaint. Plaintiffs made no such filing; there is no active complaint in this case. In fact, Plaintiffs have not made any filings in this case since February 22, 2010. Plaintiffs have repeatedly failed to either oppose or file a notice of non-opposition to Defendants' motions. Given these circumstances, it appears that Plaintiffs are no longer interested in pursuing this case. When a court dismisses a claim with leave to amend and the plaintiff fails to file an amended complaint, conversion of the dismissal into one with prejudice under Fed. Rule Civ. Proc. 41(b) is warranted. Toyota Landscape Co., Inc. v. Building Material and Dump Truck Local 420, 726 F.2d 525, 528 (9th Cir. 1984).

### IV. Order

Defendant Greenpoint's motion to dismiss under Fed. R. Civ. Proc. 41(b) is GRANTED. The Clerk of the Court is DIRECTED to close the case.

**IT IS SO ORDERED.**

**Dated:    August 2, 2010**
                                           **CHIEF UNITED STATES DISTRICT JUDGE**